**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
)
**CHARLES HENRY IRELAND FOLTZ,**          )
)
**Plaintiff,**          )
)
**v.**          )          **M.B.D. No. 15-91362-DJC**
)
**ROBERT WELSH, III, et al.,**          )
)
**Defendants.**          )
_____)

**MEMORANDUM AND ORDER**

**CASPER, J.**                                        November 16, 2015

For the reasons set forth below, the Court denies plaintiff's motion for criminal complaint.

**BACKGROUND**

On November 4, 2015, Charles Henry Ireland Foltz, proceeding *pro se*, paid the $46 Miscellaneous Business Docket filing fee and filed several documents including a criminal complaint form (AO 91) and a "constitutional criminal complaint affidavit of fact" seeking a mandated criminal investigation under 18 U.S.C. §§ 241, 242 and 42 U.S.C. §§ 1983, 1985, 1986, 1988. See D. 1. These documents are accompanied by 8 exhibits. Id.

The one-page criminal complaint is unsigned and alleges violations of the following sections of Title 18 of the United States Criminal Code, Chapters 7[1] (assault), 13[2] (civil rights violations),

_____

[1]The first statute under Chapter 7 (assault) of Title 18 of the United States Criminal Code makes assaulting, resisting, or impeding certain officers or employees a criminal offense. See 18 U.S.C. § 111.

[2]Chapter 13 of Title 18 of the United States Criminal Code lists following statutes: § 241 (conspiracy against rights), § 242 (deprivation of rights under color of law), § 243 (exclusion of jurors on account of race or color), § 244 (discrimination against person wearing uniform of armed forces), § 245 (federally protected activities), § 246 (deprivation of

19 (conspiracy), 55[3] (kidnaping), 73[4] (obstruction of justice), 103[5] (robbery and burglary), 113B[6] (terrorism) and 113C[7] (torture).  Id.  The criminal complaint identifies as defendants a state court judge, an assistant district attorney and a police chief and alleges that the defendants "have engaged in malicious prosecution of false claims, barratry, theft, assault and kidnapping (sic) and numerous rights violations against [Foltz'] person and property [from 2014 to the present].  Id.

In the three-page "constitutional criminal complaint affidavit of fact" Mr. Foltz is listed as "the Aggrieved" and four police officers, three prosecutors and two judges are listed as "the Accused."[8]

## DISCUSSION

Here, Mr. Foltz is proceeding *pro se* and as such, his pleadings are entitled to a liberal

---

relief benefits), § 247 (damage to religious property; obstruction of persons in the free exercise of religious beliefs), § 248 (freedom of access to clinic entrances), § 249 (hate crimes act).

[3]18 U.S.C.A. Pt.1, Ch. 55 lists kidnaping as a federal crime. The crime of the crime of kidnapping is set forth in 18 U.S.C.A. § 1201.

[4]Chapter obstruction of justice   18 U.S.C. §§ 1506, 1512, and 1513.

[5]The chapter dealing with federal robbery offenses is Chapter 103 of Title 18.  See 18 U.S.C. § 2113 (bank robbery and incidental crimes).

[6]In 2001, a new subsection (5) was added to the definition section for "Chapter 113B" of Title 18 with the passage of  Section 802(a)(2) to (4) of the USA PATRIOT Act.  See 18 U.S.C. § 2331(5).

[7] Chapter 113C of Title 18 of the United States Criminal Code makes torture a criminal offense.  18 USC 2340(1).

[8]Nine employees of the Commonwealth are identified as the "Accused":  (1) Police Chief Kyle Takakjian; (2) Truro police officer David F. Perry; (3) Truro police officer Craig Danziger; (4) Truro police officer Steven Raneo; (5) Hon. Robert A. Welsh III; (6) Jessica Croker, an Assistant District Attorney; (7) Ben Veneria, an Assistant District Attorney; (8) Michael Giardino, an Assistant District Attorney; and (9) Hon. Thomas Kirkman.

construction.  See Haines v. Kerner, 404 U.S. 519, 520–521 (1972). "As a general rule, ... we hold *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).  However, even with a liberal reading, Mr. Foltz' motion will be denied.

Under the United States Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations and bringing criminal charges, if warranted.  The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch.  See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced.").

The authority of a United States Attorney to "prosecute for all offenses against the United States" is governed by 28 U.S.C. § 547(1).  Under this statute, the United States Attorney is given broad discretion in deciding when to initiate legal proceedings.  Courts are "powerless to interfere with his discretionary power.  The court cannot compel him to prosecute a claim or even an indictment." See, e.g., Pugach v. Klein, 193 F. Supp. 630, 634-635 (S.D.N.Y. 1961) (court cannot compel United States Attorney to prosecute state law enforcement officials for unlawful wiretapping).

Thus, this Court cannot issue a criminal complaint.  Moreover, Mr. Foltz does not have standing to bring a criminal action in federal court because no statute authorizes him to do so.

Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).

Based upon the foregoing, Mr. Foltz's request for a criminal complaint will be denied and the Court will not construe the pleadings as a civil action.  To the extent Foltz seeks a remedy for alleged wrongs allegations, he may wish to contact the United States Attorney's Office and/or file a civil rights action.

## ORDER

Accordingly, it is hereby ORDERED that:

1)      The motion for criminal complaint is DENIED; and

2)      The Clerk shall close this action and mail a copy of this Memorandum and Order to Mr. Foltz at the address listed on the docket.

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge